NICHOLAS FUNK v. MARY WALTERS.

[Abstract Kentucky Law Reporter, Vol. 6—297.]

**Purchaser at Judicial Sale.**
>  One who buys at a judicial sale but before buying is informed that the widow asserts a homestead right in the property takes the property subject to the widow's claim.

**Dower and Homestead.**
>  A widow being entitled to dower in realty left by her husband and also to a homestead in such property may assert either but can not claim both.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 9, 1884.

OPINION BY JUDGE PRYOR:

Henry Walters died in the year 1849 leaving his widow, Mary
A. Walters, surviving him and two infant children, one of whom died
in infancy. The surviving child was named Chas. A. Walters and
this child and his mother occupied the premises from the death of
the husband and father until the year 1875, when they were ejected
by the United States Marshal under a process issued upon judgment
from the Federal Court. Dower had never been assigned the widow
and the son becoming of age soon found himself pecuniarily em-
barrassed and made to the mother a conveyance in fee of all his
interest in the homestead or the home place. He was then ad-
judged a bankrupt, and his assignee Jones for and on behalf of
creditors instituted an action in the Federal Court to cancel the
deed to the mother on the ground of fraud or a fraudulent pre-
ference. That court rendered a decree setting aside the convey-
ance and directing a sale of the property to pay the son's debts.
At the sale the appellant Funk became the purchaser and as such
paid over the purchase money. At the sale it was announced that
the widow, Mrs. Walters, (appellee) asserted her right to both
dower and homestead, and the purchaser must buy at his peril.
This action was then instituted by the widow for her dower claim-
ing it through her husband and for a homestead claiming it
through the son by reason of the conveyance of 1874 and the chan-
cellor gave her both dower and homestead. This conclusion was
reached by determining that the son having a homestead, the con-
veyance to his mother, although fraudulent, passed to her this much
of the estate as it was not subject to creditors, and as to dower
she derived that interest as the widow of her deceased husband.

It is insisted by the appellant that all of these issues were made
in the proceedings instituted in the Federal Court and that there-
fore the title was definitely settled in that action. The only issue
was as to the fraudulent preference and the conveyance being can-
celled the mother and son occupied the same position as to creditors
that they would have occupied if no such deed had been made.
The right and title as well as the use and occupancy of this realty
passed to the widow and her son under the Revised Statutes or

even prior to their adoption and the widow became entitled to the mansion house and appurtenances until dower was assigned her. She had no homestead at that time nor did the son. She became entitled to a homestead as against her own debts created after the passage of the homestead law, or as against the creditors of her son. This homestead could have been as against her own creditors carved out of the dower estate for she had no other interest, and when her son's creditors undertook to eject her they must either account to her for her dower or for her homestead. The larger estate she had the right to claim but no more. The mother and son were living together. Dower had never been assigned to the mother, but when she seeks to avail herself of the provisions of the homestead law it must be subject to the equities of that statute. She can not claim both dower and homestead. We do not mean to adjudge that one may not be entitled to dower and another to a homestead in the same tract of land, but here was a small house and lot of ground occupied alone by the mother and son and the question is, who is entitled to the homestead, the mother or the son? If the descent had been cast after the passage of the homestead law the mother would be entitled for herself and children, and living together and occupying the premises (the mother and children) after the passage of that law although the father died before its passage the same rule should prevail. The widow in this case may assert either right but not both. It is argued that a dower interest can not be sold under execution until dower is assigned. We understand the rule as now regulated by statute is exactly opposite. That it may not be sold because it is a legal estate and the fact that it is undivided will not protect such an interest from sale under execution.

See article 13, section 1, chapter 36, Revised Statutes; also section 1, article 12, chapter 38, General Statutes. There are so many irregularities in the sale however of the widow's dower under the execution in favor of the property being appraised at $2,700 and selling for thirty dollars only, that it should be disregarded and the widow allowed either her dower or homestead as she may elect.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Thos. B. Fairleigh, for appellant.*

*Kohn & Barker, for appellee.*

[Cited, in *Jones v. Green,* 26 Ky. L. 1192.]